[Cite as *State v. Eismon*, 2011-Ohio-426.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. Julie A. Edwards, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 10 CA 31 |
| ROBERT LEE EISMON | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING: Criminal Appeal from the Court of Common
Pleas, Case No. 05 CR 239


JUDGMENT: Affirmed


DATE OF JUDGMENT ENTRY: January 27, 2011


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

GREGG MARX                               DAVID A. SAMS
PROSECUTING ATTORNEY                      Post Office Box 40
201 South Broad Street, 4th Floor        West Jefferson, Ohio  43162
Lancaster, Ohio  43130

*Wise, P. J.*

{¶1} This is Appellant's third pursuit of an appeal in this Court. The initial appeal was filed from the trial court's entry dated March 20, 2006 wherein Appellant was sentenced to a total term of fifteen years in prison for sexually molesting, kidnapping, and abducting a two-year-old relative. We affirmed Appellant's conviction in Fairfield Case Number 06-CA-15. In 2008, Appellant attempted a second delayed appeal which was assigned Fairfield Case Number 08-CA-62. This Court denied the motion for delayed appeal on the basis that Appellant is not permitted to pursue a delayed appeal where he has previously availed himself of a direct appeal of the same entry.

{¶2} Following our affirmance of Appellant's conviction, Appellant filed a motion for a de novo sentencing hearing in the trial court. Appellant contended he was entitled to a de novo sentencing hearing because his original sentencing entry dated March 20, 2006 stated Appellant was subject to post release control for "up to a maximum of 5 years." The trial court, in its entry denying the request for de novo sentencing, explains that the record reveals the trial court correctly advised Appellant that he would be subject to post release control for a period of five years. However, the judgment entry did not reflect what actually occurred at the sentencing hearing, therefore, the trial court issued the nunc pro tunc entry which is the subject of the instant appeal. In the Nunc Pro Tunc entry dated May 24, 2010, the trial court changed the language cited above from the March 20, 2006 entry to state, "The Court further notified the Defendant that post-release control is mandatory in this case for a period of 5 years . . ."

{¶3} The instant notice of appeal is filed from the trial court's entry of May 24, 2010.

{¶4} Counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to *Anders v. California* (1967), 386 U.S. 738, rehearing den. (1967), 388 U.S. 924, indicating that the within appeal was wholly frivolous and setting forth three proposed Assignments of Error. Appellant filed a pro se pleading in response to the *Anders* brief. In his pro se pleading, Appellant confuses App.R. 26 with the idea of raising additional assignments of error pursuant to the dictates of *Anders*. The pleading does not comply with the appellate rules relative to briefs and does not contain identifiable assignments of error. Nonetheless, Appellee has filed a brief in response to all assignments of error and all arguments made by Appellant in a pro se capacity. Essentially, Appellant complains in his pro se pleading that appellate counsel should not have filed an *Anders* brief and that his sentence is improper. Counsel for Appellant raises the following potential assignments of error:

{¶5} "I. THIS COURT ERRED IN ITS ORIGINAL DECISION."

{¶6} "II. APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL."

{¶7} "III. THIS COURT ERRED IN REMANDING FOR THE IMPOSITION OF A DEFINITE TERM OF FIVE YEARS OF POST-RELEASE-CONTROL."

{¶8} In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. Id. at 744. Counsel must accompany his request with a brief identifying anything in the record that

could arguably support his client's appeal. Id. Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. Id. Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. Id.

{¶9} Counsel in this matter has followed the procedure in *Anders v. California* (1967), 386 U.S. 738, we find the appeal to be wholly frivolous and grant counsel's motion to withdraw. For the reasons which follow, we affirm the judgment of the trial court.

I., II.

{¶10} In his first assignment of error, Appellant suggests this Court erred in affirming his conviction in Fairfield Case Number 06-CA-15. Appellant sought leave from the Ohio Supreme Court to appeal our decision in Case Number 06-CA-15, however, the Court declined to hear the appeal. Appellant cannot now challenge this Court's decision with this Court. We have already affirmed Appellant's conviction.

{¶11} In his second assignment of error, Appellant suggests he was denied effective assistance of appellate counsel which is an issue that could have been raised in the prior appeal.

{¶12} The Supreme Court has held, "Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been

raised on appeal. *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, paragraph nine of the syllabus." *State v. Ketterer* (2010), 126 Ohio St.3d 448, 459, 935 N.E.2d 9, 21.

**{¶13}** For this reason, Appellants first and second assignments of error are overruled.

III.

**{¶14}** In his third assignment of error, Appellant argues this Court erred in remanding this case to the trial court for the purpose of addressing the issue of post release control.  This Court has never remanded this case to the trial court, therefore, Appellant's third assignment of error is overruled.

**{¶15}** For these reasons, after independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal.  Hence, we find the appeal to be wholly frivolous under *Anders,* grant counsel's request to withdraw, and affirm the judgment of the Fairfield County Court of Common Pleas.

By: Wise, P. J.

Edwards, J., and

Delaney, J., concur.

_____

_____

_____

JUDGES

JWW/d 0113

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                                :
                                             :
    Plaintiff-Appellee               :
                                             :
-vs-                                         :            JUDGMENT ENTRY
                                             :
ROBERT LEE EISMON                            :
                                             :
    Defendant-Appellant              :            Case No. 10 CA 31

For the reasons stated in our accompanying Memorandum-Opinion, counsel's motion to withdraw is granted, and the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.

Costs assessed to Appellant.

                             _____

                             _____

                             _____

                                    JUDGES